Craig A. Stokes (CAS-6428)
Stokes Law Office LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone (210) 804-0011
Facsimile (210) 822-2595
*Attorneys for Complainant/Defendant/Appellee*
*DR Asian Produce, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| **BRAHM FOODS, INC.,** | **Case No. 1:20-cv-00063-DLI-VMS** |
| | **Judge: Dora L. Irizarry** |
| **Petitioner/Respondent/Appellant** | **Magistrate: Vera M. Scanlon** |
| | |
| **v.** | **MEMORANDUM IN SUPPORT OF** |
| | **MOTION TO DISMISS FOR LACK** |
| | **OF SUBJECT MATTER** |
| **DR ASIAN PRODUCE, INC.,** | **JURISDICTION OR FOR FAILURE** |
| | **OF CONDITION PRECEDENT AND** |
| **Defendant/Complainant/Appellee.** | **APPLICATION FOR ATTORNEY'S** |
| | **FEES** |

-----------------------------------------------------------X

The Defendant/Appellee, DR Asian Produce, LLC, ("Appellee and/or "DR Asian") files

its Memorandum in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and

shows the Court as follows:

<u>INTRODUCTION</u>

Petitioner/Respondent/Appellant, Brahm Foods, Inc. ("Appellant" and/or "Brahm")

has filed an appeal with this Court of a reparations award issued by the United States Department

of Agriculture. [D.E. 1]. By this Motion, the Appellee DR Asian, seeks dismissal of the appeal

because the Appellant has failed to comply with the statutory requirements established by

Congress for filing of such an appeal and further seeks an award of attorney's fees. Because this

proceeding is an appeal of an administrative matter, the Petitioner, Brahm is also a Respondent

and the Defendant, DR Asian, is also a Complainant.

<u>UNCONTESTED FACTS FROM THE FACE OF</u>
<u>THE COMPLAINT AND THE COURT'S DOCKET</u>

1.      Appellant Brahm was the Respondent in a reparations proceeding before the United States Department of Agriculture's PACA branch, E-R-2018-086.

2.      As noted by the Appellant, a reparations award was entered against Appellant on August 15, 2019 in the amount of $52,701.39.

3.      As noted by the Appellant, a timely motion for reconsideration was filed on September 9, 2019.

4.      As noted by the Appellant, an order by the USDA PACA branch denying reconsideration was issued on November 7, 2019.

5.      This appeal was filed on January 3, 2020.

6.      The Court's docket in this matter, a fact of which the Court may take judicial notice, does not reflect that the Appellant filed any bond in support of this appeal.

7.      The Appellant contends in paragraph 10 of its Petition that it only became aware of the issuance of the order denying reconsideration on or about December 4, 2020.

<u>ARGUMENT</u>

I.     ***This appeal is not properly lodged before the Court due to failure by the Appellant to post the double bond required by the statute.***

The Perishable Agricultural Commodities Act ("PACA") creates a civil remedy for parties engaged in interstate trade of perishable agricultural commodities. The unfair practices prohibited by PACA are established in 7 U.S.C. §499b. The same statute creates two possible means by which an aggrieved party may seek relief for a violation of PACA. The party may file a reparations proceeding before the USDA's PACA branch under 7 U.S.C. §499e(b)(1) or the party may file suit in a court of competent jurisdiction under 7 U.S.C. §499e(b)(2). As noted in the Complaint filed in this matter, [D.E. 1, paragraph 3], the Defendant/Appellee, DR Asian filed

a reparations action against the Petitioner/Appellant before the USDA. The USDA issued a reparations order on August 15, 2019 for $52,701.39, [D.E. 1, paragraph 6], for which reconsideration was denied by the USDA on November 7, 2019. [D.E. 1, paragraph 7]. This appeal was filed on January 3, 2020. [D.E. 1].

While Defendant / Appellee preserves its right to contend that this appeal is untimely because it was not filed within 30 days of the issuance of the order by the USDA denying consideration, i.e. by December 4, 2019, that issue is not yet before the Court. The Court cannot consider the timeliness of the filing or whether some reason exists to allow a late filing because the Plaintiff / Appellant has not complied with the prerequisite for the filing of any appeal, timely or otherwise. This Court may not hear the appeal by Petitioner/Appellant Brahm pursuant to the Perishable Agricultural Commodities Act, ("PACA") because Plaintiff / Appellant has failed to post a bond equal to twice the amount of the reparations award of $52,701.39, which is $105,402.78.

The section of PACA that provides for appeals from reparations orders provides:

(c) Appeal from reparation order; proceedings

Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States for the district in which said hearing was held: Provided, That in cases handled without a hearing in accordance with subsections (c) and (d) of section 499f of this title or in which a hearing has been waived by agreement of the parties, appeal shall be to the district court of the United States for the district in which the party complained against is located. Such appeal shall be perfected by the filing with the clerk of said court a notice of appeal, together with a petition in duplicate which shall recite prior proceedings before the Secretary and shall state the grounds upon which the petitioner relies to defeat the right of the adverse party to recover the damages claimed, with proof of service thereof upon the adverse party. **Such appeal shall not be effective unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment**

3

**entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail**. Such bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States. The clerk of court shall immediately forward a copy thereof to the Secretary of Agriculture, who shall forthwith prepare, certify, and file in *said* court a true copy of the Secretary's decision, findings of fact, conclusions, and order in said case, together with copies of the pleadings upon which the case was heard and submitted to the Secretary.

7 U.S.C. §499g(c) (emphasis added).

As noted in the Uncontested Facts, number 6, above, the Court's docket does not reveal that the Appellant has posted a bond as required by the statute. The text of the statute under which Brahm appeals, 7 U.S.C. §499g(c), quoted above, establishes that a bond equal to twice the amount of the reparations award, or in this case, $105,402.78 must be filed. Appellant's suit pleads the date on which the USDA issued an order denying reconsideration of the initial award, November 7, 2019. The date by which a bond should have been posted with this court was December 7, 2019. The statute that creates the appellate right, quoted above, itself states that any appeal of a reparations order is ineffective unless a bond equal to double the amount of the reparations award is posted within 30 days of the issuance of an award.

The case law also supports this conclusion. The posting of such a bond is a prerequisite for the Court to possess subject matter jurisdiction over this appeal. *Miloslavich v. Frutas Del Valle De Guadalupe, S.A.*, 637 F. Supp. 434, 437 (S.D. Ca. 1986), affirmed 815 F.2d 714 (9th Cir 1987), *Chidsey v. Geurin*, 314 F. Supp. 480, 481 (W.D. Mi 1970). The First Circuit has also noted that the bond may or may not be a jurisdictional requirement for such appeals, *Alphas Co. Inc, v. Dan Tudor & Sons Sales, Inc*., 679 F.3d 35 (1st Cir. 2012); however, the double bond requirement certainly is a condition precedent to the filing of such an appeal *Id*. at 39. Whether

the bond filing is jurisdictional or a condition precedent, Brahm may not maintain its appeal before this Court.

Undoubtedly Appellant will argue based upon paragraph 10 of its complaint that its former counsel did not communicate the issuance of such order or that for some other reason the Appellant should be allowed to file its appeal despite having not complied with the requirement that an appeal be filed within 30 days of the issuance of an order. Such an argument is not relevant to this appeal. If Petitioner/Appellant had, in addition to the filing of this suit to appeal the reparations award, *also* posted the double bond required by law, *then* the Court might have a basis to entertain the appeal before it based upon lack of notice of the order denying reconsideration. Defendant/Appellee would be ready to show with proof from the USDA that Plaintiff / Appellant was on notice of the order denying reconsideration and would be prepared to deal with the issue of the timeliness of the appeal. But that question is not before the Court because regardless of the date on which Appellant became aware of the denial of reconsideration of the reparations award by the USDA, the Appellant did not file the double bond required by law. There is no basis in the PACA statute by which this Court may dispense with the double bond requirement of the law. Assuming the factual contention in paragraph 10 of Appellant's Complaint, that Appellant became aware of the denial of reconsideration on December 4, 2019, the double bond required by statute had to be filed on or before January 3, 2020.

II.     ***DR Asian is entitled to an award of attorney's fees in this matter.***

In the *Alphas* initial appeal before the district court in Massachusetts, the magistrate judge noted that had the appellant complied with the bond requirement of 7 U.S.C. §499g(c), the appellee would have been entitled to an award of attorney's fees had the appellee prevailed in the

appeal. The magistrate noted that an award of fees would be proper if the appellee successfully

obtained the dismissal of the appeal for failure to post the double bond. The magistrate stated:

> Under PACA, when a reparation order is appealed to a district court, the "appellee shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs." 7 U.S.C. § 499g(c). If the appellee prevails, an award of attorneys' fees is mandatory by the district court. *Robinson Farms Co. v. D'Acquisto*, 962 F.2d 680, 685 (7th Cir.1992); *Koam Produce, Inc. v. DiMare Homestead, Inc*., 222 F.Supp.2d 399, 401 (S.D.N.Y.2002); *Frankie Boy Produce Corp. v. Sun Pacific Enter*., No. 99 Civ. 10158, 2000 WL 1532914, *1 (S.D.N.Y. Oct. 17, 2000).

> Congress provided for attorneys' fees in PACA appeals because it "recognized that in almost every case the amount of the Secretary's award would be less than the cost of appeal to, and trial de novo in, a federal district court." *Koam Produce*, 222 F.Supp.2d at 401. "The provision is meant to provide means for both shippers and buyers to defend their rights under the statute, regardless of how small the amount in controversy." Id. "If the costs of defending its favorable decision by the Secretary were not reimbursed to a prevailing appellee, then the losing party could destroy the value of the Secretary's award, by merely noticing an appeal."

> Therefore, if appellee Tudor is the prevailing party it would be entitled to reasonable attorneys' fees.

2011 WL 662723 (D. Mass. 2011), recommendation adopted 2011 WL 578809 (February 1,

2011), affirmed 679 F. 3d 35 (1st Cir. 2012).

In this case, if the Court holds that Petitioner/Appellant Brahm has failed to comply with

the requirement of the posting of a double bond, Defendant / Appellee DR Asian should be

deemed the prevailing party on this appeal and is entitled to an award of attorney's fees under 7

U.S.C. §499g(c).

WHEREFORE, the Defendant/Appellee DR Asian Produce, Inc. prays that the Court

dismiss the Complaint / Appeal of the Plaintiff and award such attorney's fees that the Court may

grant on post-order submission.

Dated: March 20, 2020.

Respectfully submitted,

STOKES LAW OFFICE LLP

By: */s/* Craig A. Stokes
        Craig A. Stokes – SBN 3894839
        3330 Oakwell Court, Suite 225
        San Antonio, TX 78218
        Telephone (210) 804-0011
        Facsimile (210) 822-2595
        E-Mail cstokes@stokeslawoffice.com

        *Attorneys for Defendant Complainant//Appellee*
        *DR Asian Produce, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2020, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, on Electronic Service upon the following parties and participants:

Vivek S. Sur, Esq.    ***Via ECF***
Law Offices of Vivek Suri
401 Broadway, Suite 1708
New York, NY 10013
*Attorneys for Petitioner/Appellant Brahm Foods, Inc.*


        /s/ Craig A. Stokes
        Craig A. Stokes