UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRAHM FOODS, INC.,                                         :
                                                           :
                              Petitioner,                  :
                                                           :                **SUMMARY ORDER**
             -against-                                     :                20-cv-63 (DLI) (VMS)
                                                           :
DR ASIAN PRODUCE, INC.,                                    :
                                                           :
                              Respondent.                  :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 3, 2020, Brahm Foods, Inc. ("Petitioner") filed a petition (the "Petition") pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499 *et seq.*, appealing a reparation award ordered by the United States Department of Agriculture ("USDA") in favor of DR Asian Produce, Inc. ("Respondent"). *See generally*, Petition ("Pet."), Dkt. Entry No. 1. On March 20, 2020, Respondent moved to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(1) and 7 U.S.C. § 499g(c) for lack of subject matter jurisdiction and sought attorney's fees. *See*, Resp.'s Mot., Dkt. Entry No. 9. Petitioner did not oppose the motion. *See*, December 9, 2020 ECF Order. For the reasons set forth below, Respondent's motion is granted in its entirety and this appeal is dismissed with prejudice.

## BACKGROUND

Respondent initiated a reparation proceeding against Petitioner before the USDA captioned *DR Asian Produce, Inc. v. Brahm Foods, Inc.*, PACA Docket No. E-R-2018-086. Pet. ¶ 1. On August 15, 2019, Judicial Officer Bobbie J. McCartney, acting through the office of the Secretary of Agriculture (the "Secretary"), ordered Petitioner to pay Respondent a reparation award in the amount of $52,701.39, with interest at the rate of 1.78 percent per annum from December 1, 2017, plus $500. *Id.* ¶¶ 1, 6. On September 9, 2019, Petitioner moved for reconsideration of the

Secretary's decision. *Id.* ¶ 7. Respondent opposed the motion. *Id.* On November 7, 2019, the Secretary denied Petitioner's motion (the "Reparation Order").[1] *Id.* ¶¶ 8-9; Resp.'s Mot. ¶ 4.

On January 3, 2020, Petitioner filed the instant Petition appealing the Secretary's Reparation Order. *See*, Pet. Petitioner argues that the Secretary's decision was "incorrect as to the facts and as to the law." *Id.* ¶ 10. Petitioner claims that the Reparation Order was sent to its prior counsel, the Law Offices of Gabriel Amene, Esq., "upon information and belief" but Petitioner does not state who sent the Reparation Order or when its prior counsel received it. *Id.* Petitioner alleges that it first became aware of the Reparation Order on or about December 4, 2019 through "an email sent to its attorney[.]" *Id*. However, Petitioner does not identify who sent the email or if the email was sent to its previous counsel or current counsel, the Law Offices of Vivek Suri. Petitioner claims that any delay in the filing of its appeal was inadvertent. *Id.* ¶ 11.

Respondent moves to dismiss the Petition on the ground that this Court lacks subject matter jurisdiction. Respondent argues that Petitioner failed to satisfy the statutory requirements of 7 U.S.C. § 499g(c), which governs appeals from the Secretary's reparation orders. Resp.'s Mot. at 1. Specifically, Petitioner did not file its Petition or post a bond in double the amount of the reparation award within thirty days of the date of the Secretary's Reparation Order. *Id.* at 2-5. Respondent claims that Petitioner's failure to satisfy the bond requirement deprives the Court of subject matter jurisdiction. *Id.* at 4-5. Respondent also seeks attorney's fees under 7 U.S.C. § 499g(c). *Id.* at 5-6. Despite having requested an extension of time to respond to the motion, Petitioner neither opposed nor otherwise responded to the motion, which the Court deemed unopposed. *See*, December 9, 2020 ECF Order.

---

[1] Petitioner purports to attach a copy of the Secretary's Reparation Order, dated November 7, 2019 as "Exhibit 1" to its Petition. Pet. ¶ 8. However, Petitioner failed to attach the Reparation Order; Exhibit 1 is a duplicate of its Petition.

## **DISCUSSION**

Section 499g(c) of PACA provides that "[a] party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court[.]" 7 U.S.C. § 499g(c). To perfect the appeal, the petitioner must file with the Clerk of the Court a notice of appeal, a petition that recites the proceedings before the Secretary and states the grounds for challenging the adverse party's right to recover the damages claimed, and proof of service.[2] *Id.* The appeal "shall not be effective" unless within thirty days from the date of the Secretary's reparation order, the petitioner also files with the Clerk of the Court "a bond in double the amount of the reparation awarded . . . plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail." *Id.*

The thirty-day time limit imposed by Section 499g(c) for a petitioner to file its appeal and the accompanying bond is a jurisdictional requirement. *See*, *G&T Terminal Packaging Co. v. Hawman*, 870 F.2d 77, 79 (2d Cir. 1989); *Kessenich v. Commodity Futures Trading Comm'n*, 684 F.2d 88, 92 (D.C. Cir. 1982); *See also*, *Golub Corp. v. Andrew & Williamson Sales Co.*, 1993 WL 245582, at *2 (N.D.N.Y. July 2, 1993) (finding that the court cannot grant the petitioner an extension of time). Thus, the Court must dismiss an appeal for lack of subject matter jurisdiction if the petitioner fails to file the appeal and bond within thirty days of the Secretary's decision. *Id.*

On November 7, 2019, the Secretary denied Petitioner's motion for reconsideration. Petitioner had thirty days from the date of the Secretary's Reparation Order to file its appeal and bond in this Court. *See*, *Paganini v. USDA, Sec'y of Agric.*, 2012 WL 6822150, at *2 (S.D.N.Y. Dec. 10, 2012) (thirty-day time limit begins to run from the date the Secretary rejects a petition for

---

[2] Petitioner did not file proof of service upon Respondent. *See*, Dkt. Entry No. 4 at 2. Respondent did not raise this deficiency in its motion to dismiss. Petitioner's failure to comply with this statutory requirement does not impact this Court's subject matter jurisdiction. *See*, *W.H. Lailer & Co. v. C.E. Jackson Co.*, 75 F. Supp. 827, 828 (D. Mass. 1948).

reconsideration) (citing *G&T Terminal Packaging Co.*, 870 F.2d at 80-81).  Petitioner filed the instant Petition and appeal on January 3, 2020 more than thirty days after the Secretary's Reparation Order was issued.  Petitioner also did not file the necessary bond with the Clerk of the Court within thirty days of the Secretary's decision or at any point.

Petitioner's failure to satisfy these statutory requirements deprives this Court of subject matter jurisdiction.  *See*, *Alphas Co., Inc. v. William H. Kopke, Jr., Inc.*, 708 F.3d 33, 38 (1st Cir. 2013) (affirming that district court lacked subject matter jurisdiction when petitioner failed to file bond within thirty days of the Secretary's reparation order); *Golub Corp.*, 1993 WL 245582, at *2 (dismissing case for lack of subject matter jurisdiction when petitioner failed to file appeal within thirty days of the Secretary's reparation order).  Accordingly, the instant Petition is dismissed.

Respondent seeks an award of attorney's fees as the prevailing party in this appeal.  Resp.'s Mot. at 5-6.  Section 499g(c) provides that, when the Secretary's decision is appealed to the district court, the appellee "shall not be liable for costs in said court" and "if appellee prevails [it] shall be allowed a reasonable attorney's fee to be taxed and collected as a part of [its] costs."  7 U.S.C. § 499g(c).  "If the appellee prevails, an award of attorney's fees is mandatory; it is not within the discretion of the district court."  *Koam Produce, Inc. v. DiMare Homestead, Inc.*, 222 F. Supp.2d 399, 401 (S.D.N.Y. 2002) (citing *Robinson Farms Co. v. D'Acquisto*, 962 F.2d 680, 684 (7th Cir. 1992)).  "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."  *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989).

The Court's decision granting Respondent's motion to dismiss for lack of subject matter jurisdiction constitutes a "material alteration" of the parties' legal relationship.  *Id.*  The Reparation Order in favor of Respondent now stands and is enforceable against Petitioner.  Therefore,

Respondent is a prevailing party under Section 499g(c) and is entitled to mandatory attorney's fees. *See*, *Newbern Groves, Inc. v. C.H. Robinson Co.*, 1996 WL 223906, at *2 (S.D.N.Y. Apr. 29, 1996) (respondents were "prevailing parties" and entitled to attorney's fees when court dismissed appeal for lack of subject matter jurisdiction). The amount of attorney's fees is discretionary and shall be determined by the Court. *See*, *Robinson Farms Co.*, 962 F.2d at 684.

## CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss for lack of subject matter jurisdiction is granted and this appeal is dismissed in its entirety with prejudice. Respondent is entitled to a reasonable attorney's fee to be taxed and collected as a part of its costs. On or before April 27, 2021, Respondent shall submit to the Court documentation (including time sheets) supporting its request for reasonable attorney's fees and costs. Petitioner shall respond to the Respondent's submission by no later than May 11, 2021. Failure to do so timely will result in the motion being deemed unopposed.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2021

                                                  /s/
                                    DORA L. IRIZARRY
                              United States District Judge