UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRAHM FOODS, INC.,  :
 :  **SUMMARY ORDER**
Petitioner,  :  20-cv-63 (DLI)(VMS)
 :
-against-  :
 :
DR ASIAN PRODUCE, INC.,  :
 :
Respondent.  :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 3, 2020, Brahm Foods, Inc. ("Petitioner") filed a petition pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499 *et seq.*, appealing a reparation award ordered by the United States Department of Agriculture in favor of DR Asian Produce, Inc. ("Respondent"). *See*, Petition, Dkt. Entry No. 1. On March 31, 2021, the Court granted Respondent's motion to dismiss for lack of subject matter jurisdiction, directed Respondent to provide documentation in support of its motion for attorney's fees and costs, and ordered Petitioner to respond. *See*, Dkt. Entry No. 11. On April 20, 2021, Respondent filed its motion for attorney's fees and costs. Resp.'s Mot. for Atty.'s Fees and Costs, Dkt. Entry No. 12; Decl. of Craig A. Stokes ("Stokes Decl."), Dkt. Entry No. 13. Petitioner failed to respond and the Court deemed the motion unopposed. *See*, Electronic Order dated May 13, 2021. For the reasons set forth below, Respondent is awarded $2,476.02 for attorney's fees and costs.

## DISCUSSION

Section 499g(c) of PACA provides that, when the Secretary of Agriculture's decision is appealed to the district court, the "[a]ppellee shall not be liable for costs in said court and if appellee prevails [it] shall be allowed a reasonable attorney's fee to be taxed and collected as a part of [its] costs." 7 U.S.C. § 499g(c). "If the appellee prevails, an award of attorney's fees is

mandatory; it is not within the discretion of the district court." *Koam Produce, Inc. v. DiMare Homestead, Inc.*, 222 F. Supp.2d 399, 401 (S.D.N.Y. 2002) (citing *Robinson Farms Co. v. D'Acquisto*, 962 F.2d 680, 684 (7th Cir. 1992)). Here, Respondent is the prevailing party and, therefore, is entitled to reasonable attorney's fees and costs.

When assessing the reasonableness of legal fees, a court determines the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). In determining a presumptively reasonable fee, a court first determines a reasonable hourly rate for the legal services performed. *Id.* at 184. Next, a court must determine the reasonableness of the hours expended by counsel. *See*, *Feltzin v. Union Mall LLC*, 393 F. Supp.3d 204, 211 (E.D.N.Y. 2019). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Torcivia v. Suffolk Cty.*, 437 F. Supp.3d 239, 251 (E.D.N.Y. 2020) (citation omitted).

## I. Reasonable Hourly Rate

"In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals." *Feltzin*, 393 F. Supp.3d at 212. In PACA cases in this district, courts have awarded rates within similar ranges based on an attorney's years of specialized experience. *See*, *Ryeco, LLC v. Legend Produce Inc.*, 2021 WL 2742873, at *10-11 (E.D.N.Y. May 24, 2021), *R&R adopted*, 2021 WL 2741605 (E.D.N.Y. July 1, 2021) (awarding rates of $425 for partner with 29 years of experience,

$385 for senior associate with 15 years of experience, and $385 for associate with 17 years of experience); *Mor USA, Inc. v. Adam Trading, Inc.*, 2021 WL 799327, at *6-7 (E.D.N.Y. Feb. 10, 2021), *R&R adopted*, 2021 WL 796061 (E.D.N.Y. Mar. 1, 2021) (awarding rate of $335 for attorney with 15 years of experience); *Higueral Produce, Inc. v. CKF Produce Corp.*, 2019 WL 5694079, at *12-13 (E.D.N.Y. Aug. 16, 2019), *R&R adopted as modified*, 2019 WL 5693798 (E.D.N.Y. Sept. 30, 2019) (awarding rates of $400 for partner with 27 years of experience and $350 for attorney with 8 years of experience).

Courts in this district have approved hourly rates for paralegals ranging from $70 to $100. *See*, *e.g.*, *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp.3d 68, 103 (E.D.N.Y. 2020). The high end of the range generally is awarded to paralegals with "commendable experience and credentials." *See*, *Id.* at 104. In contrast, where no background or experience is provided, a reduction is appropriate. *See*, *Feltzin*, 393 F. Supp.3d at 212 (reducing rate from $115 to $70).

Here, Respondent seeks an hourly rate of $395 for work done by Craig A. Stokes, Esq., and $145 for work done by paralegal Rosa M. Barrera. *See*, Stokes Decl., at ¶ 4; Time Sheet, Exhibit A to Stokes Decl., Dkt. Entry No. 13. Stokes is a partner at Stokes Law Office LLP, has approximately 26 years of PACA experience and is admitted to practice in approximately 34 states, "numerous U.S. District Courts," and four federal courts of appeal. Stokes Decl., at ¶¶ 2-4. Stokes' requested hourly rate of $395 is within the range typically approved in this district for a partner with his level of specialized experience. *See*, *Ryeco, LLC*, 2021 WL 2742873, at *10. Thus, the Court finds the requested hourly rate of $395 is reasonable as to Stokes.

Respondent provides absolutely no background information on Barrera. In a recent fees motion in this district involving this same law firm, there was a similar paucity of evidence resulting in an hourly rate of $70 for Barrera. *See*, *Dave's Specialty Imports, Inc. v. Produce for*

*Less, Inc.*, 2021 WL 1394509, at *10 (E.D.N.Y. Mar. 12, 2021), *R&R adopted*, 2021 WL 1207121 (E.D.N.Y. Mar. 31, 2021). Having no other way to determine whether the requested rate is reasonable beyond this district's historical rates, the Court finds that an award at the bottom of the range is appropriate and Barrera's hourly rate is reduced from $145 to $70.

## II. Reasonable Hours Expended

Respondent submitted time sheets reflecting 4.85 hours of work by Stokes and 7.5 hours of work by Barrera. *See*, Time Sheet. The time expended to defend this matter and time entry descriptions are appropriate, especially since the bulk of work was delegated to the paralegal. *See*, *Dave's Specialty Imports, Inc.*, 2021 WL 1394509, at *11. The Court finds that the requested hours are reasonable. Accordingly, $1,915.75 is awarded for Stokes and $525 is awarded for Barrera for a total of $2,440.75 in attorney's fees.

## III. Costs

Respondent seeks $35.27 in costs for postage. *See*, Time Sheet, at 2. In support, Respondent itemizes this cost on its time sheet, which reflects a tracking number for the mailing. *See*, *Id.* The Court finds that the requested amount is reasonable and awards Respondent $35.27 in costs.

## CONCLUSION

For the reasons set forth above, Respondent's motion is GRANTED in part and Respondent is awarded attorney's fees and costs in the amount of $2,476.02.

SO ORDERED.

Dated: Brooklyn, New York
July 14, 2021

/s/
DORA L. IRIZARRY
United States District Judge